IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH WALTER,

    Plaintiff,

Case No.

v.

FOCUS RECEIVABLES MANAGEMENT LLC,

**JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff Elizabeth Walter, (hereafter "Plaintiff) is an individual residing at 2701 W Waters Avenue #1102, Tampa, Florida 33614.

5. Defendant Focus Receivables Management LLC (hereafter "FRM" or "Defendant FRM") is a Georgia Limited Liability Company, with its principle place of business located at 1130 Northchase Parkway, Marietta, Georgia 30067. The principle purpose of Defendant is the collection of debt, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

## IV. Factual Allegations

### *Background*

6. Beginning on or about the month of May 2009, Plaintiff began to receive telephone calls at her place of employment from Defendant FRM.

7. Defendant FRM was attempting to collect a debt Plaintiff allegedly owed from a Bank of America account.

8. The debt was incurred primarily for personal and household purposes and was therefore a consumer debt as defined by 15 U.S.C. §1692(a).

9. Defendant called numerous times throughout the month of May and June at Plaintiff's place of employment.

10. When Plaintiff spoke to Defendant she provided Defendant her cell phone number on various occasions and advised Defendant that she could not receive telephone calls at work.

### *Specific Collection Calls*

11. On or about June 26, 2009, a representative of Defendant called Plaintiff's place of employment and asked to speak with Plaintiff.

12. Plaintiff, who answered the phone, confirmed her identity.

13. The representative of Defendant identified himself as "Leon Herman".

14. The representative stated that Plaintiff owed money from a past-due account and asked when she would make a payment.

15. Plaintiff advised the representative that she informed Defendant numerous times that she could not receive telephone calls at her place of employment and that she had previously provided Defendant with her address and cell-phone numbers.

16. On or about July 13, 2009, Plaintiff received another telephone call from Defendant at her place of employment.

17. A fellow employee answered this call and notified Plaintiff that she had a telephone call.

18. When Plaintiff answered the phone, the representative of Defendant identified herself as "Mary Williams".

19. The representative requested that Plaintiff provide her with current contact information.

20. Plaintiff's contact information had never changed so Plaintiff once again provided Defendant with her current address and personal cell phone number.

21. The representative said that she was collecting a debt owed to Bank of America, and asked how Plaintiff would pay.

22. After this conversation Plaintiff became very upset, as she had provided her contact information to Defendant numerous times and repeatedly advised Defendant not to contact her at her place of employment.

23. On or about July 15, 2009, only two days after the last contact between Plaintiff and Defendant, Plaintiff received another collection call to her place of employment.

24. A fellow employee answered the phone and notified Plaintiff that she had a telephone call.

25. When Plaintiff answered the phone, the representative of Defendant identified herself as "Jenny" and again requested Plaintiff's contact information.

26. Plaintiff once again confirmed that Defendant had her correct contact information.

27. The representative of Defendant continued her collection on the account by asking Plaintiff how she would like to pay the debt owed from her Bank of America account.

28. After the conversation with Defendant, Plaintiff felt extremely distressed and agitated, as she believed there was no way for her to stop the collection calls to her place of employment, despite her continuing requests for Defendant to contact her on her personal phone number.

29. On or about July 27, 2008, Plaintiff received another collection call at her place of employment from a representative of Defendant.

30. A fellow employee at Plaintiff's place of employment answered the phone and notified Plaintiff that she had a telephone call.

31. When Plaintiff answered the phone she realized it was a representative of Defendant calling to collect on the Bank of America account.

32. The representative identified himself as "Robbie Foster".

33. After confirming Plaintiff's address, the representative demanded to know how Plaintiff would pay the amount owed.

34. Plaintiff again advised Defendant that they should call her on her personal cell phone and not at her place of employment.

35. As a result of this phone call, Plaintiff felt agitated, frustrated and upset that she could not stop the repeated collection calls to her place of employment.

36. On or about August 13, 2009, Plaintiff received another collection call from Defendant.

37. The representative of Defendant identified himself as "Tom Johnson".

38. After verifying Plaintiff's contact information, the representative demanded to know how Plaintiff would pay the balance due.

39. Plaintiff again advised that she could not receive collection calls at work, and again told Defendant that if they needed to speak with her, they should call her on her personal cell phone.

40. To date, Plaintiff has yet to receive any communication from Defendant in writing, and Defendant has not attempted to contact Plaintiff on her personal cell phone.

### *Conclusion*

41. Despite the fact that Plaintiff provided Defendant with an alternative means to contact her, and that Defendant was aware that contacting Plaintiff's place of employment was inconvenient for Plaintiff, Defendant continued to contact Plaintiff at her place of employment exclusively.

42. Defendant's continuous telephone calls to Plaintiff's place of employment were done not with the intention of obtaining location information, but were undertaken to harass and coerce Plaintiff into paying a consumer debt.

43. Defendant's harassing and abusive conduct was intentional and calculated to compel Plaintiff to pay an alleged consumer debt.

44. Due to Defendant's harassing telephone calls, Plaintiff felt anxious, angry, frustrated, and upset.

### FIRST CLAIM FOR RELIEF
### FDCPA Violation
### Elizabeth Walter v. Focus Receivables Management LLC

45. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 44.

46. The foregoing acts and omissions of Defendant and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692(b)(1), 1692c(a)(1), 1692c(a)(3), 1692d, 1692f, and 1692g.

47. As a result if the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA Violation
### Elizabeth Walter v. Focus Receivables Management LLC

48. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 44.

49. The foregoing acts and omissions of Defendant and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7).

50. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

51. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages statutory damages and attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

   a. Declaratory Judgment that DEFENDANT'S conduct violated the FDCPA and the FCCPA;
   b. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);
   c. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);
   d. Punitive damages pursuant to F.S.A. §559.77(2);

e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2); and

f. For such other and further relief as may be just and proper.

Dated: September 22, 2009

Respectfully submitted,

G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JAMES W. ELLIOTT, ESQUIRE
Florida Bar No. 0040961
james@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
THE GOLDEN LAW GROUP
213 N Parsons Avenue
Brandon, Florida 33510
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

James W. Elliott, Esquire